REQUESTED BY: Dear Senator:
Official Opinion of the Attorney General No. 65, dated April 8, 1977, was a letter addressed to you and concerned the effect of the `good time' laws of the State of Nebraska. In that letter we discussed whether or not the proposal made by you to create a sentence of forty-five years with no possibility of parole until at least two-thirds of that sentence had been served would guarantee that that person was not paroled before thirty years. It was our conclusion that a proposal of the nature you suggested would be constitutional and would guarantee that a person would not be paroled before the expiration of thirty years. In reviewing that opinion, we have discovered a possible need for further clarification.
The point that may need clarification relates to the effect of the `good time' statutes on an offender's mandatory discharge computations. Under your proposal wherein an offender would be sentenced to a term of at least forty-five years with no possibility for parole until at least two-thirds of that sentence had been served it would, of course, be impossible for a person to be paroled until after he had served thirty years. However, your proposal, if it did not eliminate the `good time' deductions relating to the computation of an offender's mandatory discharge, it could nevertheless result in an offender being released on a mandatory discharge prior to the expiration of thirty years. This is so because the `good time' provisions of the statutes mentioned above have a twofold purpose; one results in a date upon which the offender is eligible for parole and the second results in a date when the offender is to be mandatorily discharged from the custody of the state. While your provision would eliminate the possibility of parole until at least two-thirds of the sentence had been served, it would not, without further amendments, eliminate the possibility that an offender's maximum term could be reduced to less than the desired thirty year term.
As we discussed in our April 8, 1977, letter to you, an offender who receives a flat thirty year sentence with no provisions for parole would nevertheless be eligible for mandatory discharge before the expiration of his maximum term unless provisions were made which would also eliminate the deductions from an offender' term to determine his mandatory discharge from the custody of the state.
To sum up the above, it is sufficient to say that if it is the intent and desire of the Legislature to guarantee that an offender serve a minimum of thirty years upon conviction for first degree murder, they must completely eliminate the effect of the `good time' provisions of both sections 83-1,107 and 83-1,107.01, R.S.Supp., 1976, on convicted first degree murderers.